UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

STANLEY A. CHASE and HARRIET G. CHASE,

              Debtors.

_____/

Case No. DG 08-01951
Chapter 7
Hon. Scott W. Dales

### MEMORANDUM OF DECISION REGARDING LIFT STAY MOTION

The court held a preliminary hearing by telephone on April 28, 2009 to consider the United States' Motion for Stay Relief to Pursue Property Held in the Name of Third Parties (DN 73, the "Motion").  The United States appeared through Julie C. Avetta, Esq. and Agnes Kemper-Cloyd, Esq., the Debtors appeared through Roger G. Cotner, Esq., and Chapter 13 Trustee Brett N. Rogers appeared through Elizabeth Clark, Esq.

At a preliminary hearing for relief from the automatic stay, the United States Bankruptcy Court for the Western District of Michigan's local rule requires the court to determine whether disputed material issues of fact exist, and whether there is a reasonable likelihood that the party opposing the motion will prevail.  See LBR 4001-1(c).

The undisputed facts establish that the property at issue -- principally the real property the Debtors transferred into various limited partnerships long before they filed their bankruptcy petition -- is not property of the estate, but instead property of various non-debtor entities in which the estate has an ownership interest.  The parties also agreed that the IRS would need to avoid the transfer of that property to these various non-debtor entities in order to apply the value and reduce its claim against the Debtors and their bankruptcy estate.

In prior hearings, the court expressed concern that the IRS lacked standing to pursue avoidance actions, due to the avoidance powers conferred solely upon a bankruptcy trustee under Chapter 5 of the Bankruptcy Code. See 11 U.S.C. § 548 and 544.   At the preliminary hearing, however, the Chapter 13 Trustee's counsel reported that the trustee had concluded that his right to relief under Chapter 5 would be time-barred given the timing of the transfers, which occurred long before the petition date.

The Debtors expressed concern that granting the Motion would permit the IRS to engage in "double-dipping," but the IRS acknowledged on the record, as it must, that it will be limited to a single recovery on account of its claims.  It agreed to credit the Debtors with

proceeds, if any, that it receives by pursuing the non-debtor entities.  This resolves the Debtors' supposed double-dipping concerns.

The Debtors' principal objection to relief from stay was that if the  IRS is successful in its actions against the various non-debtor limited partnerships, the Debtors will be unable to fund a Chapter 13 plan. The court has considered this argument and rejects it. The fact that the IRS may be successful in litigation against third-parties, even third parties closely associated with the Debtors, and that this success may adversely impact the Debtors' cash flow in the nature of distributions from the limited partnerships, does not persuade the court that it should permit the automatic stay to extend to non-debtors.  The Debtors elected to structure their holdings through limited partnerships and other artificial entities, for good reasons or bad, and must now live with the consequences.

The court has determined that the Debtors are not likely to prevail in their opposition to the Motion and therefore will grant the IRS relief from stay.  Because the IRS has expressed concern about a possible reference back to the Bankruptcy Court when it pursues relief in the United States District Court, the court will rely on the IRS to draft an appropriate order, conforming to this Memorandum and addressing the IRS's concerns under 28 U.S.C. § 157.

The Clerk shall serve a copy of this Memorandum of Decision Regarding Lift Stay Motion pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Stanley and Harriet Chase, Roger G. Cotner, Esq., Brett N. Rodgers, Esq., chapter 13 trustee, United States of America, and Julie C. Avetta, Esq.

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: April 29, 2009**